## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN ADAMS, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| MYOKARDIA, INC., SUNIL AGARWAL, MARY CRANSTON, TASSOS GIANAKAKOS, DAVID MEEKER, MARK PERRY, KIM POPOVITS, WENDY YARNO, BRISTOL-MYERS SQUIBB COMPANY, and GOTHAM MERGER SUB INC., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on October 5, 2020 (the "Proposed Transaction"), pursuant to which MyoKardia, Inc. ("MyoKardia" or the "Company") will be acquired by Bristol-Myers Squibb Company ("Parent") and Gotham Merger Sub Inc. ("Merger Sub, and together with Parent, "Bristol-Myers").

2. On October 3, 2020, MyoKardia's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Bristol-Myers. Pursuant to the terms of the Merger Agreement, Merger Sub commenced a tender offer (the "Tender Offer") to purchase all of MyoKardia's outstanding common stock for $225.00 in cash per share. The Tender Offer is set to expire on November 16,

2020.

3. On October 19, 2020, defendants filed a Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of MyoKardia common stock.

9. Defendant MyoKardia is a Delaware corporation and maintains its principal executive offices at 1000 Sierra Point Parkway, Brisbane, California 94005. MyoKardia's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "MYOK."

10. Defendant Sunil Agarwal is a director of the Company.

11. Defendant Mary Cranston is a director of the Company.

12. Defendant Tassos Gianakakos is President, Chief Executive Officer, and a director of the Company.

13. Defendant David Meeker is a director of the Company.

14. Defendant Mark Perry is a director of the Company.

15. Defendant Kim Popovits is a director of the Company.

16. Defendant Wendy Yarno is a director of the Company.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

19. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

20. MyoKardia is a clinical-stage biopharmaceutical company that discovers and develops targeted therapies for the treatment of serious cardiovascular diseases.

21. The Company is pioneering a precision medicine approach to its discovery and development efforts by: (i) understanding the biomechanical underpinnings of disease; (ii) targeting the proteins that modulate a given condition; (iii) identifying patient populations with

shared disease characteristics; and (iv) applying learnings from research and clinical studies to inform and guide pipeline growth and product advancement.

22. The Company's initial focus is on small molecule therapeutics aimed at the proteins of the heart that modulate cardiac muscle contraction to address diseases driven by excessive contraction, impaired relaxation, or insufficient contraction. Among its discoveries are three clinical-stage therapeutics: mavacamten (formerly MYK-461); danicamtiv (formerly MYK-491); and MYK-224.

23. On October 3, 2020, MyoKardia's Board caused the Company to enter into the Merger Agreement with Bristol-Myers.

24. Pursuant to the terms of the Merger Agreement, Merger Sub commenced the Tender Offer to acquire all of MyoKardia's outstanding common stock for $225.00 in cash per share.

25. According to the press release announcing the Proposed Transaction:

> Bristol Myers Squibb (NYSE: BMY) and MyoKardia, Inc. (Nasdaq: MYOK) today announced a definitive merger agreement under which Bristol Myers Squibb will acquire MyoKardia for $13.1 billion, or $225.00 per share in cash. The transaction was unanimously approved by both the Bristol Myers Squibb and MyoKardia Boards of Directors and is anticipated to close during the fourth quarter of 2020.
> . . .
>
> Transaction Terms and Financing
>
> Under the terms of the merger agreement, a subsidiary of Bristol Myers Squibb will promptly commence a tender offer to acquire all of the outstanding shares of MyoKardia's common stock for $225.00 per share in cash. MyoKardia's Board of Directors unanimously recommends that MyoKardia shareholders tender their shares in the tender offer.
>
> The transaction is subject to customary closing conditions, including the tender of a majority of the outstanding shares of MyoKardia's common stock and the expiration or termination of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976. Following the successful closing of the tender offer, Bristol Myers Squibb will acquire all remaining shares of MyoKardia that are

not tendered into the tender offer through a second-step merger at the same price of $225.00 per share.

Bristol Myers Squibb expects to finance the acquisition with a combination of cash and debt. . . .

Advisors

Gordon Dyal & Co., LLC is serving as exclusive financial advisor to Bristol Myers Squibb, and Kirkland & Ellis LLP is serving as legal counsel. Centerview Partners LLC and Guggenheim Securities are acting as joint financial advisors to MyoKardia and Goodwin Procter LLP is serving as legal counsel.

*The Solicitation Statement Omits Material Information, Rendering It False and Misleading*

26. Defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

27. As set forth below, the Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.

28. First, the Solicitation Statement omits material information regarding the Company's financial projections.

29. The Solicitation Statement fails to disclose: (i) all line items used to calculate EBIT; (ii) the individual inputs and assumptions used to risk-adjust the projections and the unadjusted projections; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

30. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

31. Second, the Solicitation Statement omits material information regarding the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, Centerview Partners LLC ("Centerview") and Guggenheim Securities LLC

5

("Guggenheim").

32. With respect to Centerview's Selected Public Company Analysis, the Solicitation Statement fails to disclose Centerview's basis for selecting a reference range of 2024E EV/Revenue Trading Multiples of 4.0x to 6.0x.

33. With respect to Centerview's Selected Precedent Transaction Analysis, the Solicitation Statement fails to disclose Centerview's basis for applying a reference range of 9.5x to 11.5x four-year forward revenue multiples.

34. With respect to Centerview's Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) Centerview's basis for assuming that unlevered free cash flows would decline in perpetuity after December 31, 2045 at a rate of free cash flow decline 80% year-over-year; (ii) the terminal values of the Company; (iii) the individual inputs and assumptions underlying the range of discount rates from 9.0% to 11.0%; and (iv) the Company's fully diluted outstanding shares.

35. With respect to Centerview's Analyst Price Target Analysis, the Solicitation Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

36. With respect to Centerview's Premiums Paid Analysis, the Solicitation Statement fails to disclose the premiums observed by Centerview in the analysis.

37. With respect to Guggenheim's Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) the Company's terminal values; (ii) the individual inputs and assumptions underlying the range of discount rates from 8.5% to 10.5%; (iii) Guggenheim's basis for using an illustrative perpetual growth rate of negative 80%; and (iv) the Company's diluted shares outstanding.

38. With respect to Guggenheim's Selected Precedent Merger and Acquisition Transactions Analysis, the Solicitation Statement fails to disclose Guggenheim's basis for selecting a transaction enterprise value/risk adjusted revenue multiple range of 4.0x-7.3x.

39. With respect to Guggenheim's Premia Paid in Selected Merger and Acquisition Transactions analysis, the Solicitation Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

40. With respect to Guggenheim's Wall Street Equity Research Analyst Stock Price Targets analysis, the Solicitation Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

41. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

42. The omission of the above-referenced material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: The Solicitation or Recommendation.

43. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**(Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)**

44. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

45. Section 14(e) of the 1934 Act states, in relevant part, that:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

7

46. Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

47. The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

48. The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

49. By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

50. The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

51. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be materially incomplete and misleading.

52. By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

53. Because of the false and misleading statements in the Solicitation Statement, plaintiff is threatened with irreparable harm.

54. Plaintiff has no adequate remedy at law.

## COUNT II

**(Claim for Violation of 14(d) of the 1934 Act Against Defendants)**

55. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

56. Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

57. Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

58. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

59. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

60. The omissions in the Solicitation Statement are material to plaintiff, and plaintiff will be deprived of his entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer.

61.     Plaintiff has no adequate remedy at law.

## COUNT III

**(Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants and Bristol-Myers)**

62.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

63.     The Individual Defendants and Bristol-Myers acted as controlling persons of MyoKardia within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as directors of MyoKardia and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

64.     Each of the Individual Defendants and Bristol-Myers was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

65.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly connected with and involved in the making of the Solicitation Statement.

66. Bristol-Myers also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

67. By virtue of the foregoing, the Individual Defendants and Bristol-Myers violated Section 20(a) of the 1934 Act.

68. As set forth above, the Individual Defendants and Bristol-Myers had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

69. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

70. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

  D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: October 26, 2020    **RIGRODSKY & LONG, P.A.**

    By: */s/ Gina M. Serra*
      Seth D. Rigrodsky (#3147)
      Brian D. Long (#4347)
      Gina M. Serra (#5387)
      300 Delaware Avenue, Suite 210
      Wilmington, DE 19801
      Telephone: (302) 295-5310
      Facsimile: (302) 654-7530
      Email: sdr@rl-legal.com
      Email: bdl@rl-legal.com
      Email: gms@rl-legal.com

      *Attorneys for Plaintiff*